```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Robert Every</u>

    v.                                        Civil No. 15-cv-177-LM
                                                Opinion No. 2016 DNH 006
<u>Department of</u>
<u>Veterans Affairs, et. al.</u>

### O R D E R

Robert Every has filed "Request for Injunction and Motion to Compel," (the "complaint"), in which he names the United States Department of Veterans Affairs ("VA") and the General Services Administration ("GSA") as defendants. Defendants move to dismiss. Every objects.

### Discussion

Defendants move to dismiss Every's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it fails to state a claim for relief. Defendants further argue that, to the extent the complaint states any claim for relief, it appears to challenge a bidding process undertaken by the VA for a new health clinic in Rumford, Maine, and the court would lack subject matter jurisdiction to hear such a claim.

Under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and

"determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citations and internal quotation marks omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Because Every is proceeding pro se, the court construes his complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The central problem with Every's complaint is that there are insufficient facts to piece together any sort of coherent narrative.  Every breaks his complaint (doc. no. 1) into several parts, including a section titled "Complaint" and another section titled "Relief Sought."[1]  The complaint appears to allege that the VA is corrupt and lacks effective leadership, seeks to punish people who attempt to rectify the VA's shortcomings, and fails to act in the best interest of veterans.[2]  Beyond these generalized allegations about the VA, the complaint contains few

---

[1]Every also includes a section that summarizes his education, military service and business experience, as well as a conclusion detailing Joshua Chamberlin's role in the Civil War.

[2]For example, in support of his complaint, Every cites and attaches as exhibits news articles reporting various types of misconduct on the part of VA officials.

facts that clarify how defendants have caused Every any harm, making it difficult to discern a fact pattern that would support a theory of liability.

The only legal theories that Every asserts as the basis for his lawsuit are due process and equal protection.  However, even after construing the complaint liberally in Every's favor, the court is unable to discern facts to support such claims.  To state a due process claim, a plaintiff generally must assert facts showing that he has suffered a deprivation of a protected interest in life, liberty, or property.  See Mathews v. Eldridge, 424 U.S. 319, 332 (1976) (procedural due process); Gonzalez-Fuentes v. Molina, 607 F.3d 864, 880 n.13 (1st Cir. 2010) (executive action "that does not shock the conscience does not infringe substantive due process unless it also deprives an individual of a 'protected interest in life, liberty, or property'" (citation omitted)).  To establish an equal protection claim, a plaintiff generally must demonstrate that, (1) compared with others similarly situated, he was selectively treated, and (2) that the selective treatment was motivated by purposeful discrimination on some improper basis, such as plaintiff's membership in a particular race or religion.  See Hernandez v. New York, 500 U.S. 352, 360 (1991).  Proof of discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.  Village of Arlington Heights v.

Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977).  Every has not alleged facts sufficient to support a plausible claim that he has suffered either a deprivation of a protected interest in life, liberty, or property or that he has suffered from purposeful discrimination.[3]

The only specific actions Every alleges that the defendants have taken against him are as follows: (a) certain VA employees "made negative comments" about him to unrelated third parties, and (b) when he attempted under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain the identities of those employees, the VA sought an excessive fee ($7,905.79) from him. To the extent Every intends to assert a defamation claim or a claim under FOIA, these allegations are insufficient to state a plausible claim for relief.

The closest thing to a legal claim supported by factual allegations in the complaint is one that appears to involve a challenge to a bidding process undertaken by the VA to lease space in Rumford, Maine.  However, certain basic facts are missing, such as the subject matter of the bid, the nature and terms of the bid, and Every's role in the process.  Defendants

---

[3] Additionally, to the extent Every intends to bring a due process or equal protection claim against the VA or the GSA, the court notes that a plaintiff cannot bring a constitutional claim for damages against a federal agency.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994).

4

posit that Every is complaining about a specific bidding process, and, in their brief, they attempt to fill in some of the missing pieces.  In the complaint, however, Every anticipates and refutes the defendants' characterization of his complaint: "The U.S. Attorney will argue that this case is a contract dispute and belongs in another Court, but in both its limited and broad essence, it is a case about Due Process and Equal Protection . . . ."  Compl. at 1.  To the extent that defendants' characterization of Every's complaint is accurate, and Every is attempting to assert a claim involving a challenge to a bidding process and a contract awarded by the defendants, the court likely lacks subject matter jurisdiction over that claim.  See, e.g., Distrib. Sold., Inc. v. United States, 539 F.3d 1340, 1344 (Fed. Cir. 2008) (noting that under 28 U.S.C. § 1491(b)(1), the United States Court of Federal Claims has exclusive jurisdiction to review all bid claims and challenges to contract awards against the government).

In sum, even assuming the facts in Every's complaint are true and liberally construing them to attempt to piece together viable claims, the court is unable to find any.  The best the court can do in construing Every's complaint favorably to him is to find a claim over which the court would lack subject matter jurisdiction.  The court, therefore, grants the defendants'

motion without prejudice to Every's ability to file a complaint that states sufficient claims against the defendants.

## Conclusion

The defendants' motion to dismiss (doc. no. 10) is granted without prejudice to Every's ability to file an amended complaint setting forth facts sufficient to state plausible claims against the defendants, and without prejudice to Every's ability to file a separate action in the United States Court of Federal Claims. Every has until **February 8, 2016,** to file an amended complaint. Failure to file an amended complaint within this time frame will result in dismissal of Every's complaint with prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 8, 2016

cc: Robert Every, pro se
    T. David Plourde, Esq.