```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robert Every

   v.                                         Civil No. 15-cv-177-LM
                                                Opinion No. 2017 DNH 043
Department of
Veterans Affairs, et al.


**O R D E R**

Robert Every, proceeding pro se, filed a "Request for Injunction and Motion to Compel" (doc. no. 1) (the "complaint"), in which he named the United States Department of Veterans Affairs ("VA") and the General Services Administration ("GSA") as defendants. Every's complaint appeared to allege that the VA is corrupt and lacks effective leadership, and also appeared to involve a challenge to a bidding process undertaken by the VA to lease space for a medical facility in Rumford, Maine (the "Rumford Clinic"). Defendants moved to dismiss the complaint, and the court granted the motion "without prejudice to Every's ability to file an amended complaint setting forth facts sufficient to state plausible claims against the defendants." Doc. no. 15 at 6.

Every filed an amended complaint (doc. no. 17), in which he adds as defendants five individual employees of the VA and

asserts a set of constitutional claims against all of them.[1] Every's claims arise out of alleged actions taken by the VA and the individual defendants in connection with the VA's efforts to lease space for the Rumford Clinic in 2009 and at times thereafter. Defendants move to dismiss the amended complaint, asserting that the court lacks subject matter jurisdiction to hear Every's claims and, alternatively, that the claims fail on the merits. Every objects.

## Standard of Review

In evaluating a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), this court must "accept as true all well-pleaded factual averments in the plaintiff's complaint and indulge all reasonable inferences therefrom in his favor."[2] Katz v.

---

[1] The individual employees named as defendants in the amended complaint are Michael Mayo-Smith, Ryan Lilly, Keith Waye, Salvatore Voter, and Edwin Lee. Every does not name the VA, the GSA, or the individual defendants in their official capacities as defendants in the amended complaint. However, he appears to intend to allege the same constitutional claims against the entities and the individual defendants in their official capacities. In light of Every's pro se status, the court will assume that Every intended to name as defendants in the amended complaint the VA, the GSA, and the individual defendants in their official capacities.

[2] The same standard applies to a motion under Federal Rule of Civil Procedure 12(b)(6). See Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006).

Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012) (internal quotation marks and citation omitted). When the court's jurisdiction is challenged, as it is here, the burden lies with the plaintiff, as the party invoking the court's jurisdiction, to establish that it extends to his claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Because Every is proceeding pro se, the court construes his complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background[3]

In 2004, the VA began leasing a space for the Rumford Clinic from Every's company, Esterhill Boat Service Corporation ("Esterhill"). The VA and Esterhill entered into a five-year lease, which expired on December 31, 2009. The Rumford Clinic is part of the Togus VA Medical Center.

Sometime in 2008, certain VA employees, including defendant Keith Waye, "the former lead contracting officer for Togus VA Medical Center, and current contracting officer for the" Small Business Administration, doc. no. 17 at ¶ 4, and defendant Ryan Lilly, the Director of the Togus VA Medical Center, decided that

---

[3] The background is taken from the allegations in Every's amended complaint. See doc. no. 17.

3

they wanted a new facility for the Rumford Clinic after Esterhill's lease expired the following year.  In early 2009, Every learned that the VA was targeting the River Valley Tech Center ("River Valley") as its new facility for the Rumford Clinic.  Every felt that River Valley was not suitable for the Rumford Clinic because, for example, it had an unpaved parking lot that required patients to walk a lengthy distance from the lot to the clinic.

   Every raised these concerns to Lilly and Waye via letters in July 2009.  Every also submitted a Freedom of Information Act ("FOIA") request to the Togus VA Medical Center, seeking any communications reflecting political pressure to move the Rumford Clinic to River Valley.  Although the Togus VA Medical Center told Every that it did not have any documents responsive to his FOIA request, Every alleges that he later discovered two emails showing political pressure to move the Rumford Clinic to River Valley.

   In 2009, the VA advertised a bid for a new facility for the Rumford Clinic, seeking a lease with a term of five years. Every, who submitted a bid on behalf of Esterhill in response to the advertisement, alleges that there were several irregularities with the bid, the majority, if not all, of which were designed to punish him and deprive him of an opportunity to

win the bid.[4] These irregularities include: (1) creating bid specifications that were unnecessary, such as a much larger space than needed, in order to exclude Every from the bidding; (2) changing the bid specifications from a term of five years to a term of 10 years without re-advertising the bid; (3) rating Every's facility differently from all other applicants, which negatively impacted Every's bid; and (4) making misleading characterizations of Every's conduct during the bidding process.

Feeling that he was being treated unfairly, Every met with members of the VA, including Waye, "to try to resolve what [Every] perceived as a very hostile attitude" toward him. Doc. no. 17 at ¶ 50. Every alleges that at the meeting, Waye said Waye could handle the bidding process however Waye wanted.

Every alleges that the VA awarded the contract to Federated Realty, despite Every submitting a more competitive bid. On September 19, 2009, Every contacted the Secretary of the VA and requested a change in contracting officers because of concerns about "the contracting officer's impartiality and the general impropriety of the whole [bidding] process." Id. at ¶ 64. Every alleges that after he contacted the Secretary, members of

---

[4] Every alleges that the VA views veterans like Every and their companies "as one entity." Doc. no. 17 at ¶ 11. For simplicity, the court will refer to Every and Esterhill interchangeably in this portion of the factual summary.

the Togus VA Medical Center, including the individual defendants, increased their hostility toward him.

Federated Realty subsequently defaulted on its contract with the VA, and the VA advertised another bid for the Rumford Clinic. Every alleges that defendant Salvatore Voter, the Assistant Contracting Officer, informed Every that he was pre-disqualified from the bidding process and that the VA would not be inspecting his facility. Every subsequently made a formal complaint to Brian Stiller and defendant Michael Mayo-Smith regarding remarks the VA inspection team allegedly made about him. Every did not receive a response to his complaint.

Eventually, Every and the VA entered into a one-year extension on their lease for the Rumford Clinic facility. Every and the VA have continued to enter into one-year extensions on their lease for each year from at least 2010-2016.[5]

Every alleges that he was singled out during the bidding process "to punish [him] for speaking out and raising issues." Doc. no. 17 at ¶ 49. He also alleges that defendants' actions denied him "equal opportunity by writing bid specifications that excluded the plaintiff from an equal opportunity to bid." Id.

---

[5] It is unclear whether Every and the VA entered into another one-year extension for 2016-2017.

at ¶ 14.  In addition, Every alleges that defendants denied him "Due Process by excluding the Plaintiff from the equal opportunity a bidding process should afford – a deprivation of a property interest."  Id. at ¶ 16.

Every seeks four forms of relief "[u]nder 42 U.S.C. 1983": (1) "compel the VA to erect a firewall between Togus VA Medical Center and the bid"; (2) "enjoin the VA to stop the current bid process by Togus VA Medical Center and GSA"; (3) judgment against the individual defendants in the amount of $1 each; and (4) "enjoin input into the Rumford . . . Clinic bid by" Lilly, Voter, Lee, Waye, and Jacqueline Edgecomb.[6]  Doc. no. 17 at ¶¶ 83-86.

## Discussion

Defendants move to dismiss Every's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting a lack of subject matter jurisdiction.  Defendants contend, in the alternative, that even if the court had jurisdiction over Every's claims, the amended complaint fails to state plausible claims for relief.

---

[6] Although included in the prayer for relief, Edgecomb is not named as an individual defendant.

7

As the court explained in its order granting defendants' motion to dismiss Every's original complaint, the United States Court of Federal Claims has exclusive jurisdiction to review

> an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement.

28 U.S.C. § 1491(b)(1); see also Red River Holdings, LLC v. United States, 87 Fed. Cl. 768, 794 (Fed. Cl. 2009) ("Under [the Alternative Dispute Resolution Act], district court jurisdiction provided by 28 U.S.C. § 1491(b)(1) terminated on December 31, 2000, leaving the Court of Federal Claims as the exclusive forum for bid protests."). Therefore, all bid claims and challenges to contract awards against the government must be brought in the Court of Claims, and this court lacks subject matter jurisdiction to hear any such claims. See Distrib. Sols., Inc. v. United States, 539 F.3d 1340, 1344 (Fed. Cir. 2008).

Seeking to avoid this jurisdictional bar, Every's amended complaint asserts due process and equal protection claims against the individual defendants, all of whom are VA employees, invoking Bivens v. Six Unknown Named Agents of Federal Bureau of

Narcotics, 403 U.S. 388 (1971).[7]  Bivens permits suits for damages against federal officials in their individual capacity for violations of certain constitutional rights under color of federal law.  See Bivens, 403 U.S. at 389.  There are, however, certain limitations on the availability of a Bivens cause of action.  For example, a plaintiff may not maintain a Bivens action where a defendant "shows that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution." Carlson v. Green, 446 U.S. 14, 18–19 (1980) (emphasis omitted) (citing Bivens, 403 U.S. at 397).  Since Carlson, the Supreme Court has broadened that exception to include instances where Congress has not made an explicit declaration, but where other remedies provide "special factors counselling hesitation" in allowing a Bivens claim.  Schweiker v. Chilicky, 487 U.S. 412, 423 (1988).  Thus, where the "design of a Government program suggests that Congress has provided what it considers adequate

---

[7] Every's amended complaint brings constitutional claims pursuant to 42 U.S.C. § 1983.  Section 1983, however, "authorizes actions against 'state' actors, not federal agents." Breton v. I.R.S., Comm'r, No. 13-cv-136-SM, 2013 WL 1788536, at *4 (D.N.H. Apr. 10, 2013).  "[T]he only way in which a suit for damages arising out of constitutional violations attributable to federal action may be brought is under the doctrine of Bivens." Tapia-Tapia v. Potter, 322 F.3d 742, 746 (1st Cir. 2003).  Every does not dispute in his objection or surreply that he has no cause of action under § 1983 and can only proceed under Bivens.

remedial mechanisms for constitutional violations that may occur in the course of its administration," the court should not allow a Bivens cause of action to proceed. Id. This is true even though the congressional remedy may not be as effective as an individual damages remedy. See Bush v. Lucas, 462 U.S. 367, 372-73 (1983).

Every's constitutional claims against the individual defendants arise out of their alleged actions taken in connection with the bid solicitation process for the Rumford Clinic facility. Congress has provided comprehensive remedial mechanisms for a plaintiff to challenge alleged improprieties in a federal bid solicitation process under the Tucker Act, 28 U.S.C. § 1491(b)(1), the Administrative Dispute Resolution Act ("ADRA"), Pub. L. No. 104-320, § 12, 110 Stat. 3870, 3874-76 (1996), and the regulations promulgated under the ADRA, including the Federal Acquisitions Regulations, 48 C.F.R. §§ 1.000 et seq.

These laws and regulations establish a process for protecting the interests of an individual who believes that federal law has been violated in the bid solicitation and award process. Therefore, there is no adequate reason for the court to establish a new remedy under Bivens for claims for damages

arising out of that process.[8]  See Wilkie v. Robbins, 551 U.S. 537, 550-62 (2007) (deliberate misconduct, including malicious prosecution, trespass, and wrongful denial of government permits, which were intended to coerce an easement from the plaintiff without just compensation, were insufficient to warrant a Bivens remedy in light of available administrative remedies).

   Every argues that he is entitled to maintain a Bivens action against defendants in their individual capacities because the remedies available under the Tucker Act and ADRA are not available to him personally, but only to Esterhill, with whom the VA contracted to lease facilities for the Rumford Clinic. He argues that defendants' actions were intended to violate his due process and equal protection rights as an individual, and that he is entitled to vindicate those rights in this court despite the other available remedies.

---

[8] The court has construed Every's amended complaint broadly to assume he intended to assert a Bivens claim against the VA, the GSA, and the individual defendants in their official capacities.  To the extent Every so intended, those claims fail as well.  A Bivens remedy is not available against a federal agency or a federal official in his or her official capacity. See FDIC v. Meyer, 510 U.S. 471, 484-85 (1994) (holding that a Bivens remedy is unavailable against a federal agency); Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989) (suit against a federal official in his or her official capacity is a suit against the United States).

11

Every offers no support for his theory that a legal distinction between himself and his company allows him to avoid the preemptive effect of the Tucker Act and ADRA. All of Every's claims arise out of the bidding process for the Rumford Clinic facility and defendants' actions in connection with that process, and his requested relief seeks to remedy the alleged errors in the bidding process. As such, his claims fall under the Tucker Act and ADRA. See, e.g., Science Sys. & Applications, Inc. v. United States, No. PWG-14-2212, 2014 WL 3672908, at *6 (S.D. Md. July 22, 2014) ("Although [plaintiff] seeks to characterize its claim in a variety of imaginative ways, it essentially is seeking review of a contract award under the Tucker Act, 28 U.S.C. § 1491(b)(1) . . . [and] this Court no longer can entertain such a claim.").[9]

In short, Every's claims arise out of perceived deficiencies in the bid solicitation process for the Rumford Clinic facility. To the extent Every has any claims arising

---

[9] Every also raises, for the first time in his surreply, that the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), grants this court concurrent jurisdiction over his claims because he seeks less than $10,000 in monetary damages. Even if the amended complaint relied on the Little Tucker Act, the more specific, exclusive jurisdictional provisions of ADRA deprives this court of jurisdiction under the Little Tucker Act where, as here, ADRA applies. See Validata Chem. Servs. v. United States Dep't of Energy, 169 F. Supp. 3d 69, 90 (D.D.C. 2016).

from defendants' actions during that process, he may avail himself of the remedial measures discussed above.  As noted above, those claims must be brought in the United States Court of Federal Claims, and this court lacks subject matter jurisdiction over those claims.

Accordingly, defendants' motion to dismiss is granted without prejudice to Every's ability to file a separate action in the United States Court of Federal Claims.

## Conclusion

For the reasons stated above, the government's motion to dismiss (doc. no. 23) is granted without prejudice to Every filing an action in the United States Court of Federal Claims. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 6, 2017

cc:   Robert Every, pro se
      T. David Plourde, Esq.